IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ROBERTO GIL,

    Petitioner,

v.　　　　　　　　　　　　　　　　CASE NO.: 4:26-cv-16-MW-MAL

WARDEN D. MARIN, et al.,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

    Petitioner Roberto Gil is currently in custody at the Adelanto Detention Facility in Adelanto, California, a processing center used by United States Immigration and Customs Enforcement. ECF No. 2 at 3. He filed a § 2241 petition for writ of habeas corpus in this Court complaining he is being unlawfully held in immigration detention. *Id*. Although Gil filed his petition under § 2241, the bulk of his arguments challenge a Miami-Dade County, Florida conviction. *Id.* at 2-22. Thus, it is not clear whether Gil's petition falls under 28 U.S.C. § 2241 or 28 U.S.C. § 2254. In either event, this Court is not the proper forum to consider his petition.

    Under § 2241, Adelanto, California, in the Central District of California, is Gils "district of confinement" and thus is the appropriate place to bring a § 2241 petition. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (As a general rule for § 2241

petitions, "jurisdiction lies in only one district: the district of confinement."). Under § 2254, a petition challenging a State conviction may be filed either in (1) the federal district court for the district in which he is in State custody, or (2) the federal district court for the district "within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). This Court is neither Gil's custodial district nor the district of his conviction.

A petition filed in the wrong district can be transferred to the right one. 28 U.S.C. § 1406. The Court does not recommend transfer of Gil's petition, however, because it is unclear whether Gil is seeking relief under § 2241 or § 2254, and thus unclear where to transfer. Furthermore, Gil has already sought relief under § 2254 in the Southern District of Florida, and his petition was dismissed. *See Gil v. State of Florida*, Case No. 25-cv-24246-BLOOM, Order Dismissing 28 U.S.C. § 2254 Petition for Lack of Jurisdiction, ECF No. 4, Sept. 19, 2025 (attached). Accordingly, it is respectfully RECOMMENDED:

The Petition for Writ of Habeas Corpus (ECF No. 2) be DISMISSED without prejudice, and all pending motions (ECF Nos. 3 and 4) be denied as moot.

DONE on January 20, 2026.

s/ *Midori A. Lowry*  
Midori A. Lowry  
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

The case was referred to a magistrate judge for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-24246-BLOOM

ROBERTO GIL,

      Petitioner,
v.

STATE OF FLORIDA,

      Respondent.

_____/

**ORDER DISMISSING 28 U.S.C. § 2254 PETITION FOR LACK OF JURISDICTION**

      **THIS CAUSE** is before the Court on Petitioner Roberto Gil's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, ECF No. [1] (the "Petition"). Petitioner, who is currently in Immigration and Customs Enforcement ("ICE") custody, challenges his state conviction and sentence for trafficking in cocaine in Case No. F12-21329-C in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. As explained below, Petitioner was not "in custody pursuant to the judgment of a State court" when he filed the Petition. § 2254(a). Therefore, the Petition must be summarily **DISMISSED** for lack of jurisdiction.

      Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to dismiss a section 2254 petition without ordering the State to respond "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rules Governing § 2254 Cases, R. 4. Likewise, the United States Supreme Court has consistently held that "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (alterations added) (citation omitted).

To obtain federal habeas relief, a petitioner must show that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The requirement that a federal habeas petitioner be "in custody" under a state court judgment is jurisdictional. *Diaz v. Fla. Fourth Jud. Cir. ex rel. Duval Cnty.*, 683 F.3d 1261, 1263 (11th Cir. 2012). To satisfy the "in custody" requirement, "[a] federal habeas petitioner must be 'in custody under the conviction or sentence under attack at the time his petition is filed.'" *Id*. at 1264 (quoting *Maleng v. Cook,* 490 U.S. 488, 490–91 (1989)). A petitioner is not "in custody" under a state court judgement if the sentence he challenges has "*fully expired* at the time his petition is filed." *Maleng*, 490 U.S. at 491 (emphasis in original). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id*. at 492. A petitioner may challenge a fully expired sentence only if one of two exceptions are met: (1) no counsel was appointed for the petitioner, in violation of *Gideon v. Wainwright*, 372 U.S. 335 (1963); or (2) no channel of review was available with respect to the prior conviction, through no fault of the petitioner. *Birotte v. Sec'y for Dep't of Corr*., 236 F. App'x 577, 579 (11th Cir. 2007) (citing *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 404–05 (2001)).

Here, Petitioner, a native of Cuba, was released from state custody on May 22, 2025, and was in ICE custody at the Adelanto Detention Facility in Adelanto, California when he filed the instant Petition on September 10, 2025. *See* Fla. Dep't of Corr., *Corrections Offender Network*, https://pubapps.fdc.myflorida.com/OffenderSearch/Search.aspx (last visited Sept. 18, 2025); U.S. Immigr. and Customs Enf't, *Online Detainee Locator System*, https://locator.ice.gov/odls/#/search (last visited Sept. 18, 2025). Immigration detention and subsequent removal from the United States are "collateral consequences" of a conviction that are insufficient to place the petitioner "in

custody" pursuant to a state court judgment. *See Llovera-Linares v. Florida*, 559 F. App'x 949, 952 (11th Cir. 2014) ("Llovera–Linares's present immigration detention is a collateral consequence of his state court convictions"); *Ogunwomoju v. United States*, 512 F.3d 69, 70 (2d Cir. 2008) ("We join our sister circuits that have considered the issue in holding that immigration detention is not 'custody' for the purposes of establishing jurisdiction to consider habeas petitions challenging a state court conviction pursuant to 28 U.S.C. § 2254"); *Broomes v. Ashcroft*, 358 F.3d 1251, 1254 (10th Cir. 2004) ("Mr. Abtew is not currently 'in custody pursuant to a judgment of a State court,' but rather is in federal custody awaiting a final removal determination by the Immigration and Naturalization Service."). Because Petitioner's state sentence had fully expired when he filed the Petition, he was not "in custody" pursuant to a state court judgment, and this Court lacks jurisdiction over his Petition. *See Llovera-Linares*, 559 F. App'x at 951 ("Because Llovera–Linares was not 'in custody' pursuant to his 2007 Florida convictions when he filed his federal habeas petition, the district court lacked subject matter jurisdiction to consider, and thus properly dismissed, Llovera–Linares's federal habeas petitions"); *see also Mendez v. Alabama*, No. 4:18-CV-02048-KOB-SGC, 2019 WL 2246594, at *2 (N.D. Ala. Mar. 14, 2019) (finding that a petitioner in immigration detention was not "in custody" under § 2254(a), and the district court therefore lacked jurisdiction over his petition); *Polson v. Alabama*, No. 3:13-CV-366-WHA, 2016 WL 5662054, at *3 (M.D. Ala. Sept. 8, 2016) (same).

Moreover, Petitioner cannot satisfy either of the two exceptions to the "in custody" requirement. His conviction was not obtained without counsel, as he challenges his counsel's performance in the Petition. *See* ECF No. [1]. In addition, Petitioner had channels of review open to him while he was serving his state sentence, as his exhibits show that he unsuccessfully pursued collateral relief in state court and had sufficient time to file a federal habeas petition before he was

3

released from state custody. *See* ECF No. [1-1]; *Lackawanna*, 532 U.S. at 403 ("[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.").

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Petition, **ECF No. [1]**, is **DISMISSED** for lack of jurisdiction.

2. No certificate of appealability shall issue because the Court lacks jurisdiction to issue one. *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007). However, a certificate of appealability is unnecessary to permit the Eleventh Circuit to review the Court's order of dismissal. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004).

3. The Clerk is **DIRECTED** to **CLOSE** this case any **DENY** all pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 19, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Roberto Gil, *PRO SE*
A-025-416-570
Adelanto West ICE Processing Center
10250 Rancho Road
Adelanto, CA 92301